| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF DELAWARE** | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Physiotherapy Holdings, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): **N/A** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **32-0375193** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**855 Springdale Drive, Suite 200**<br>**Exton, Pennsylvania**<br><div align="right">ZIP CODE **19341**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><br><div align="right">ZIP CODE</div> |
| County of Residence or of the Principal Place of Business:  **Chester** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP CODE</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP CODE</div> |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><div align="right">ZIP CODE</div> | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other: | ☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| **Chapter 15 Debtors**<br><br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check **one** box.)<br><br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☒ Debts are primarily business debts. |
|---|---|---|

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☒ A plan is being filed with this petition.<br>☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☒ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☒ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☒ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| **Voluntary Petition** <br> *(This page must be completed and filed in every case.)* | Name of Debtor(s): <br> **Physiotherapy Holdings, Inc.** | | |
|---|---|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | | |
|---|---|---|---|
| Location <br> Where Filed: | Case Number: | | Date Filed: |
| Location <br> Where Filed: | Case Number: | | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | | |
|---|---|---|---|
| Name of Debtor: **See attached Schedule 1** | Case Number: | | Date Filed: |
| District: **District of Delaware** | Relationship: | | Judge: |

| **Exhibit A** <br><br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d)of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | **Exhibit B** <br> (To be completed if debtor is an individual <br> whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
|---|---|
| ☐    Exhibit A is attached and made a part of this petition. | X _____ <br>     Signature of Attorney for Debtor(s)      (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☒    No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☒    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

       _____ <br>
       (Name of landlord that obtained judgment)

       _____ <br>
       (Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are entire monetary default that gave rise to the judgment for possession, circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** _(This page must be completed and filed in every case.)_ | **Name of Debtor(s):** **Physiotherapy Holdings, Inc.** |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Attorney***

X _/s/ Domenic E. Pacitti_____
Signature of Attorney for Debtor(s)

**Domenic E. Pacitti (DE Bar No. 3989)**
Printed Name of Attorney for Debtor(s)

**Klehr Harrison Harvey Branzburg LLP**
Firm Name

**919 N. Market Street Suite 1000, Wilmington, Delaware 19801**
Address

**(302) 426-1189**
Telephone Number

**November 12, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that:(1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debt or notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
    Signature

_____
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _/s/ Martin McGahan_____
Signature of Authorized Individual
**Martin McGahan**
Printed Name of Authorized Individual
**Chief Restructuring Officer and Interim Chief Executive Officer**
Title of Authorized Individual
**November 12, 2013**
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

_A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156._

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On November 12, 2013, each of the entities listed below filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of Physiotherapy Holdings, Inc.

- Physiotherapy Holdings, Inc.
- Actra Rehabilitation Associates, Inc.
- Alexandria Sports, Inc.
- Benchmark Acquisition Corp.
- Benchmark Medical Management Company
- Benchmark O & P Holdings, Inc.
- Benchmark Orthotics & Prosthetics, Inc.
- Blue Hen Physical Therapy, Inc.
- Cape Prosthetics-Orthotics, Inc.
- Carrollton Physical Therapy Clinic, Inc.
- Integrity Physical Therapy, Inc.
- Keystone Rehabilitation Associates of Warren
- Keystone Rehabilitation Systems, Inc.
- Keystone Rehabilitation Systems of McMurray
- Leesburg Sports, Inc.
- MATRIX Healthcare Services, LLC
- MATRIX Rehabilitation, Inc.
- MATRIX Rehabilitation-Delaware, Inc.
- MATRIX Rehabilitation-Georgia, Inc.
- MATRIX Rehabilitation-Ohio, Inc.
- MATRIX Rehabilitation-South Carolina, Inc.
- MATRIX Rehabilitation-Texas, Inc.
- Morris Area Rehabilitation Association, Inc.
- North Dallas Physical Therapy Associates, Inc.
- Northstar Health Services, Inc.
- NSHS Services, Inc.
- Orthopaedic Services of Paducah, Inc.
- PhysioLink Corporation
- Physiotherapy Associates Holdings, Inc.
- Physiotherapy Associates-Union Rehab, LLC
- Physiotherapy Associates, Inc.
- Physiotherapy Corporation
- Physiotherapy-BMHI  Holdings, Inc.
- Physiotherapy-BMI, Inc.
- Potomac Rehabilitation Services, Inc.
- Professional Rehab Associates, Inc.
- Progressive Therapy Services, Inc.
- R.S. Network, Inc.
- Rehab Associates, L.L.C.
- Rehab Colorado, LLC
- Rehab Missouri, LLC
- Rehab Xcel, LLC
- Rehabilitation Consultants, Inc.
- SMR Banyan Tree, Inc.
- Swanson Orthotic & Prosthetic Center, Inc.
- The Parks Physical Therapy and Work Hardening Center, Inc.
- Theraphysics Partners of Colorado, Inc.
- Theraphysics Partners of Texas, Inc.
- Therapy Associates of Martinsville, Inc.
- Trumbull P.T. Corp.
- Wisconsin Prosthetics and Orthotics, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PHYSIOTHERAPY HOLDINGS, INC., | ) Case No. 13-_____(___) |
| | ) |
| Debtor. | ) Joint Administration Requested |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the Debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Court Square Capital Partners II, L.P. | 51.7% |
| Court Square Capital Partners (Offshore) II, L.P. | 22.9% |
| Court Square Capital Partners II-A, L.P. | 14.4% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Martin McGahan, the undersigned authorized signatory of Physiotherapy Holdings, Inc., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: November 12, 2013

*/s/ Martin McGahan*
Martin McGahan
Chief Restructuring Officer and Interim Chief
Executive Officer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| PHYSIOTHERAPY HOLDINGS, INC., | Case No. 13-_____(___) |
| Debtor. | Joint Administration Requested |

## LIST OF EQUITY SECURITY HOLDERS

| DEBTOR | EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | NUMBER OF SHARES OR UNITS HELD / PERCENTAGE OF EQUITY HELD |
|---|---|---|---|
| Physiotherapy Holdings, Inc. | Court Square Capital Partners II, L.P. | Park Avenue Plaza 55 East 52nd Street, 34th Floor New York, New York 10055 | 51.7% |
| Physiotherapy Holdings, Inc. | Court Square Capital Partners (Offshore) II, L.P. | Park Avenue Plaza 55 East 52nd Street, 34th Floor New York, New York 10055 | 22.9% |
| Physiotherapy Holdings, Inc. | Court Square Capital Partners II-A, L.P. | Park Avenue Plaza 55 East 52nd Street, 34th Floor New York, New York 10055 | 14.4% |
| Physiotherapy Holdings, Inc. | Court Square Capital Partners (Executive) II, L.P. | Park Avenue Plaza 55 East 52nd Street, 34th Floor New York, New York 10055 | 1.0% |
| Physiotherapy Holdings, Inc. | GE Capital Equity Investments, Inc. | 120 Long Ridge Road Stamford, Connecticut 06927 | 0.4% |
| Physiotherapy Holdings, Inc. | DeVoe, John A. | 17 Cedarbrook Road Ardmore,PA19003 | 3.78% |
| Physiotherapy Holdings, Inc. | Grabaskas, Peter P. | 3 Fallbrook Lane Glen Mills,PA 19342 | 1.73% |
| Physiotherapy Holdings, Inc. | Borradaile, Brian J. | 6 Woodford Lane Malvern,PA 19355 | 0.68% |
| Physiotherapy Holdings, Inc. | Pool, Jayne F. | 1205 fox Run Bartonville,TX 76226-6389 | 0.16% |
| Physiotherapy Holdings, Inc. | Valcik, David | 700 Juniper Ave Chester Springs,PA 19425 | 0.18% |
| Physiotherapy Holdings, Inc. | Arnold, Elizabeth J. | 2605 Springbluff Court Buford,GA 30519 | 1.21% |
| Physiotherapy Holdings, Inc. | Hoeflich, Susan D. | 116 Potters Pond Drive Phoenixville,PA 19460 | 0.35% |
| Physiotherapy Holdings, Inc. | McClure, Angela D. | 2073 Fair Oaks Corinth,TX 76210 | 0.21% |
| Physiotherapy Holdings, Inc. | Sisco, Christina | 1434 Balsam Avenue Boulder,CO 80304 | 0.12% |
| Physiotherapy Holdings, Inc. | Kohn Jr, Robert | 2011 Fernway Dr Montgomery,AL 36111 | 0.16% |

| | | | |
|---|---|---|---|
| Physiotherapy Holdings, Inc. | Roy, Michael D. | 31881 Via De Linda<br>San Juan Capistrano,CA92675 | 0.15% |
| Physiotherapy Holdings, Inc. | Hall III, Willis B. | 835 Yearling Chase<br>Alpharetta,GA 30005 | 0.17% |
| Physiotherapy Holdings, Inc. | Herzberger, Todd D. | 10302 Tower Hill Court<br>Ellicott City,MD 21042 | 0.05% |
| Physiotherapy Holdings, Inc. | Raasch, Brett R. | 1905 Ne Lancaster Drive<br>Ankeny,IA 50021 | 0.17% |
| Physiotherapy Holdings, Inc. | Miersch, Edward | 15 Pyle Lane<br>Malvern,PA 19355 | 0.05% |
| Physiotherapy Holdings, Inc. | King, Janna | 1985 Beaver Hill Road<br>Chester Springs,PA 19425 | 0.46% |

I, Martin McGahan, the undersigned signatory of Physiotherapy Holdings, Inc., named as a debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: November 12, 2013

*/s/ Martin McGahan*
Martin McGahan
Chief Restructuring Officer and Interim Chief Executive Officer

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PHYSIOTHERAPY HOLDINGS, INC., *et al.*,[1] | ) | Case No. 13-_____  (  ) |
|  | ) |  |
| Debtors. | ) | Joint Administration Requested |
|  | ) |  |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## THE 30 LARGEST UNSECURED CLAIMS

Physiotherapy Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"),[2] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The following is the consolidated list of the Debtors' creditors holding the 30 largest unsecured claims (the "***Consolidated List***") based on the Debtors' books and records as of November 12, 2013. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: Physiotherapy Holdings, Inc. (5193); Actra Rehabilitation Associates, Inc. (7806); Alexandria Sports, Inc. (7654); Benchmark Acquisition Corp. (3850); Benchmark Medical Management Company (0335); Benchmark O&P Holdings, Inc. (6848); Benchmark Orthotics & Prosthetics, Inc. (7000); Blue Hen Physical Therapy, Inc. (7267); Cape Prosthetics-Orthotics, Inc. (7914); Carrollton Physical Therapy Clinic, Inc. (2832); Integrity Physical Therapy, Inc. (1075); Keystone Rehabilitation Associates of Warren (8341); Keystone Rehabilitation Systems, Inc. (8380); Keystone Rehabilitation Systems of McMurray (6304); Leesburg Sports, Inc. (4190); MATRIX Healthcare Services, LLC (7344); MATRIX Rehabilitation, Inc. (3147); MATRIX Rehabilitation-Delaware, Inc. (2504); MATRIX Rehabilitation-Georgia, Inc. (4073); MATRIX Rehabilitation-Ohio, Inc. (2505); MATRIX Rehabilitation-South Carolina, Inc. (5603); MATRIX Rehabilitation-Texas, Inc. (9542); Morris Area Rehabilitation Association, Inc. (2043); North Dallas Physical Therapy Associates, Inc. (5331); Northstar Health Services, Inc. (7152); NSHS Services, Inc. (6789); Orthopaedic Services of Paducah, Inc. (3143); PhysioLink Corporation (3705); Physiotherapy Associates Holdings, Inc. (3367); Physiotherapy Associates, Inc. (7193); Physiotherapy Associates-Union Rehab, LLC (0041); Physiotherapy Corporation (3816); Physiotherapy-BMHI Holdings, Inc. (3361); Physiotherapy-BMI, Inc. (4107); Potomac Rehabilitation Services, Inc. (2725); Professional Rehab Associates, Inc. (2393); Progressive Therapy Services, Inc. (8449); Rehab Associates, L.L.C. (9381); Rehab Colorado, LLC (5804); Rehab Missouri, LLC (0587); Rehab Xcel, LLC (0586); Rehabilitation Consultants, Inc. (1166); R.S. Network, Inc. (9104); SMR Banyan Tree, Inc. (6933); Swanson Orthotic & Prosthetic Center, Inc. (2308); The Parks Physical Therapy and Work Hardening Center, Inc. (2926); Theraphysics Partners of Colorado, Inc. (2115); Theraphysics Partners of Texas, Inc. (9976); Therapy Associates of Martinsville, Inc. (1394); Trumbull P.T. Corp. (3855); Wisconsin Prosthetics and Orthotics, Inc. (7815). The Debtors' main corporate address is 855 Springdale Drive, Suite 200, Exton, PA 19341.

[2]  A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the Declaration of Martin McGahan, Chief Restructuring Officer and Interim Chief Executive Officer of Physiotherapy Holdings, Inc., in Support of First Day Pleadings, filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), on November 12, 2013.

Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. §101 or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims on a consolidated basis. None of these creditors is a minor child. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

| | Name of Creditor | Name, telephone number and complete mailing address (including zip code) of employee, agents or department of creditor familiar with claim who may be contacted | Nature of claim (bond debt, trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[3] | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 1. | The Bank Of New York Mellon Trust Company, N.A., As Indenture Trustee | The Bank of New York Mellon Trust Company, N.A. Attn: Corporate Finance/Global Corporate Trust 601 Travis Street, 16th Floor Houston, TX 77002 T: 713-483-6751 F: 713-483-6878 | Bond Debt | Unliquidated | $218,493,000.00 |
| 2. | Inventurus Knowledge Solutions | Inventurus Knowledge Solutions 5 Penn Plaza, 23rd Floor New York, NY 10001 T: 646-378-2182 F: 646-471-5531 | Trade Debt | Liquidated | $996,845.63 |
| 3. | Meyer Distributing Co. | Meyer Distributing Co. 6333 Hudson Crossing Parkway Hudson, OH 44236 T: 800-472-4221 F: 800-577-4632 | Trade Debt | Liquidated | $204,124.70 |
| 4. | KPMG | KPMG 1601 Market St. Philadelphia, PA 19103-2499 T: 267-256-7000 F: 267-256-7200 | Trade Debt | Disputed | $191,500.00 |
| 5. | Office Depot Inc. | Office Depot Inc. PO Box 633211 Cincinnati, OH 45263 T: 561-438-4800 F: 561-438-4760 | Trade Debt | Liquidated | $187,414.20 |
| 6. | Otto Bock Health Care | Otto Bock Health Care SDS 12-2167 PO Box 86 Minneapolis, MN 55486 T: 763-489-5133 F: 763-519-6153 | Trade Debt | Liquidated | $149,765.04 |
| 7. | Marriot Business Services | Marriot Business Services PO Box 402642 Atlanta, GA 30384-2642 T: 865-980-4000 F: 865-980-4493 | Trade Debt | Disputed | $148,983.00 |

---

[3]    The Debtors reserve their rights to dispute the claims listed on this schedule on any basis.

| | Name of Creditor | Name, telephone number and complete mailing address (including zip code) of employee, agents or department of creditor familiar with claim who may be contacted | Nature of claim (bond debt, trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[5] | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 8. | Ossur North America | Ossur North America<br>PO Box 51942<br>Los Angeles, CA 9005<br>T: 800-233-6263<br>F: 800-831-3160 | Trade Debt | Liquidated | $122,417.19 |
| 9. | Spencer Stuart | Spencer Stuart<br>2005 Market St. #2350<br>Philadelphia, PA 19103<br>T: 215-814-1600<br>F: 215-814-1681 | Trade Debt | Disputed | $119,147.00 |
| 10. | Cascade Orthopedic Supply | Cascade Orthopedic Supply<br>PO Box 203606<br>Dallas, TX 75320<br>T: 530-879-1500<br>F: 800-847-9180 | Trade Debt | Liquidated | $71,354.72 |
| 11. | Louderback Logistics | Louderback Logistics<br>311 Water St<br>Spring City, PA 19475<br>T: 610-792-9400<br>F: 610-792-3131 | Trade Debt | Liquidated | $67,757.18 |
| 12. | Recall Total Information Management, Inc. | Recall Total Information Management, Inc.<br>015295 Collections Center Dr.<br>Chicago, IL 60693<br>T: 866-732-2555<br>F: 919-832-3932 | Trade Debt | Liquidated | $41,293.41 |
| 13. | Gateway Edi, LLC | Gateway Edi, LLC<br>Dept Ch 16897<br>Palatine, Il 60055<br>T: 800-969-3666<br>F: 866-203-4587 | Trade Debt | Liquidated | $40,131.88 |
| 14. | Sungard Availability Services | Sungard Availability Services<br>91233 Collection Center Drive<br>Chicago, Il 60693<br>T: 800-409-2542<br>F: 610-225-1132 | Trade Debt | Liquidated | $38,866.23 |
| 15. | Kaye Scholer | Kaye Scholer<br>Three First National Plaza<br>70 West Madison Street<br>Suite 4200<br>Chicago, IL  60602-4231<br>T:312-583-2300<br>F: 312-583-2360 | Trade Debt | Disputed | $31,380.34 |

| | Name of Creditor | Name, telephone number and complete mailing address (including zip code) of employee, agents or department of creditor familiar with claim who may be contacted | Nature of claim (bond debt, trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[3] | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 16. | Pel Supply Company | Pel Supply Company<br>PO Box 74426<br>Cleveland, OH 44194<br>T: 216-267-6176<br>F: 800-222-6176 | Trade Dent | Liquidated | $27,542.68 |
| 17. | Empi, Inc. | Empi, Inc.<br>PO Box 660154<br>Dallas, TX 75266<br>T: 800-328-2536<br>F: 800-400-5022 | Trade Debt | Liquidated | $26,057.84 |
| 18. | Cooke & Barrett P.L. | Cooke & Barrett P.L.<br>380 Columbia Dr. Ste 108<br>West Palm Beach, FL 33409<br>T: 561-444-9309<br>F: 561-449-2121 | Trade Debt | Liquidated | $25,134.05 |
| 19. | Mills Woodley Development | Mills Woodley Development<br>110 N. Main Street, Ste 1280<br>Dayton, OH 45402 | Trade Debt | Liquidated | $22,031.00 |
| 20. | Fulton Communications | Fulton Communications<br>1000 Holcomb Woods Parkway Suite 300<br>Roswell, GA 30076<br>T: 770-446-3100<br>F: 770-446-3330 | Trade Debt | Liquidated | $18,468.00 |
| 21. | Park Place Technologies | Park Place Technologies<br>PO Box 71-0790<br>Columbus, OH 43271-0790<br>T: 877-778-8707<br>F: 800-531-6303 | Trade Debt | Liquidated | $14,739.08 |
| 22. | Freedom Innovations | Freedom Innovations<br>3 Morgan Street<br>Irvine, CA 92618<br>T: 949-672-0032<br>F: 949-672-0084 | Trade Debt | Liquidated | $12,335,39 |
| 23. | ADP, Inc. | ADP, Inc.<br>PO Box 9001006<br>Louisville, KY 40290<br>T: 800-225-5237<br>F: 801-956-7310 | Trade Debt | Liquidated | $12,157.52 |

| | Name of Creditor | Name, telephone number and complete mailing address (including zip code) of employee, agents or department of creditor familiar with claim who may be contacted | Nature of claim (bond debt, trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[3] | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|---|
| 24. | O&P Enterprises | O&P Enterprises<br>3989 Grove Avenue<br>Gurnee, IL 60673<br>T: 800-666-0356<br>F: 847-662-9931 | Trade Debt | Liquidated | $12,007.19 |
| 25. | Patterson Medical Holdings | Patterson Medical Holdings<br>PO Box 93040<br>Chicago, IL 60673-3040<br>T: 800-323-5547<br>F: 800-547-4333 | Trade Debt | Liquidated | $11,657.39 |
| 26. | DJ Orthopedics LLC | DJ Orthopedics LLC<br>PO Box 650777<br>Dallas, TX 75265<br>T: 800-236-3715<br>F: 760-734-3595 | Trade Debt | Liquidated | $10,122.08 |
| 27. | Ohio Willow Wood Co. | Ohio Willow Wood Co.<br>PO Box 714104<br>Cincinnati, OH 45271-0104<br>T: 800-848-4930<br>F: 888-878-4858 | Trade Debt | Liquidated | $9,935.58 |
| 28. | Orthomerica Products, Inc. | Orthomerica Products, Inc.<br>PO Box 607129<br>Orlando, FL 32860<br>T: 407-290-6592<br>F: 407-290-2419 | Trade Debt | Liquidated | $9,873.20 |
| 29. | Ricoh USA, Inc. | Ricoh USA, Inc.<br>PO Box 827577<br>Philadelphia, PA 19182<br>T: 888-456-6457<br>F: 478-471-2371 | Trade Debt | Liquidated | $9,368.83 |
| 30. | Shi International Corp. | Shi International Corp.<br>PO Box 952121<br>Dallas, TX 75395<br>T: 888-764-8888<br>F: 732-764-8889 | Trade Debt | Liquidated | $8,913.57 |

## DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Martin McGahan, the duly qualified and elected Chief Restructuring Officer and Interim Chief Executive Officer of Physiotherapy Holdings, Inc., declare under penalty of perjury that I have reviewed the foregoing consolidated list of creditors holding the 30 largest unsecured claims and that it is true and correct to the best of my information and belief.

Dated: November 12, 2013              _/s/ Martin McGahan_____
                                      Martin McGahan
                                      Chief Restructuring Officer and Interim Chief
                                      Executive Officer

## MEETING OF THE BOARDS OF DIRECTORS OF PHYSIOTHERAPY HOLDINGS, INC. AND PHYSIOTHERAPY ASSOCIATES HOLDINGS, INC.

Date:                    November 12, 2013
Location:                Teleconference

A meeting of the each board of directors (each, a "***Board***" and together, the "***Boards***") of Physiotherapy Holdings, Inc. and Physiotherapy Associates Holdings, Inc. (each, a "***Company***" and together, the "***Companies***") was held at 8:00 a.m. ET via teleconference.

## I.      Call to Order

Janna King called the meeting to order.

## II.     Individuals in Attendance

| Board Members Present | Other Attendees |
| --- | --- |
| Matthew Cantor | Keller Arnold |
| John D. Weber | Janna King |
| Thomas F. McWilliams | |
| Kurt J. Hilzinger | |
| Kevin D. Brown | |
| David T. Nguyen | |

Matthew Cantor (the "***Independent Director***") voted first to approve the resolutions provided herein, and each other member of each Board voted immediately thereafter.

## III.    Quorum

A quorum of each Board pursuant to each Company's bylaws having been established, Janna P. King, the Senior Vice President and Secretary of each Company, took the minutes of the meeting for insertion into the record book of each Company.

## IV.     Recitals

After discussion, upon motion duly made and seconded, the Independent Director and each other member of each Board took the following actions and adopted the following resolutions:

**WHEREAS**, the meeting was called in accordance with the by-laws of each Company and the laws of the state of Delaware, any notice requirements thereof being satisfied or deemed waived;

**WHEREAS**, all members of each Board were present and could hear each other;

**WHEREAS**, each member of each Board has considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it and the impact of the foregoing on each Company's business;

**WHEREAS**, each member of each Board has had the opportunity to review, and ask questions and receive satisfactory answers with respect to, the materials presented by the management and the legal and financial advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to each Company and the impact of the foregoing each Company's business;

**WHEREAS**, the Independent Director of each Board voted first to approve the following resolutions; and

**WHEREAS**, subsequently, each other member of each Board voted to approve the following resolutions.

## V.      Voluntary Petition Under the Provisions of the Bankruptcy Code

**NOW THEREFORE, BE IT,**

**RESOLVED**, that in the judgment of each Board, it is desirable and in the best interests of each Company, its creditors, and other parties in interest, that each Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (each voluntary petition, and the voluntary petitions to be filed by the Companies' subsidiaries, collectively, the "***Chapter 11 Cases***") under the provisions of chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in a court of proper jurisdiction (the "***Bankruptcy Court***").

**RESOLVED**, that Martin McGahan, the Chief Restructuring Officer and Interim Chief Executive Officer of Physiotherapy Holdings, Inc., and any officer of each Company (each a "***Designated Officer***" and collectively, the "***Designated Officers***") acting alone or with one or more other Designated Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

## VI.     Retention of Professionals

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that the Designated Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any pleadings and petitions for relief; and in connection therewith, the Designated Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay

appropriate retainers and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP.

**RESOLVED**, that the Designated Officers be, and they hereby are, authorized and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP as bankruptcy co-counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any pleadings and petitions for relief; and in connection therewith, the Designated Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain Klehr Harrison Harvey Branzburg LLP.

**RESOLVED**, that the Designated Officers be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal Healthcare Industry Group, LLC as restructuring advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Designated Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain Alvarez & Marsal North America, LLC.

**RESOLVED**, that the Designated Officers be, and they hereby are, authorized and directed to employ the firm of Rothschild Inc. as financial advisor and investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Designated Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain Rothschild Inc.

**RESOLVED**, that the Designated Officers be, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC as notice and claims agent and as administrative agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Designated Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain Kurtzman Carson Consultants LLC.

**RESOLVED**, that the Designated Officers be, and they hereby are, authorized and directed to employ the firm of Dechert LLP as special counsel to represent and assist each Company with respect to the investigation of potential claims to be prosecuted by the litigation trust; and in connection therewith, the Designated Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain Dechert LLP.

**RESOLVED**, that the Designated Officers be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Designated Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## VII.    Adequate Protection

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "*Cash Collateral*"), which is security for the prepetition lenders party to (a) that certain Credit Agreement dated July 31, 2013 by and among Physiotherapy Associates Holdings, Inc. ("*PAH*"), as borrower, Physiotherapy Holdings, Inc. ("*Holdings*") and certain of PAH's direct and indirect subsidiaries, as guarantors, U.S. Bank National Association, as administrative agent and collateral agent (the "*Agent*"), and the lender parties thereto (the "*Secured Lenders*"); and (b) that certain Security Agreement dated July 31, 2013 by and among Holdings, PAH, and certain direct and indirect subsidiaries of PAH, as grantors, and the Agent, as collateral agent.

**RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the Secured Lenders (the "*Adequate Protection*"), as documented in a proposed interim order (the "*Cash Collateral Order*") and submitted for approval to the Bankruptcy Court.

**RESOLVED**, that the form, terms and provisions of the Cash Collateral Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted and approved, and any Designated Officer of each Company is hereby authorized and empowered, in the name of and on behalf of such Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which such Company is or will be a party (collectively with the Cash Collateral Order, the "*Cash Collateral Documents*"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to each Board, with such changes, additions and modifications thereto as the officer of such Company executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof.

**RESOLVED**, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to provide Adequate Protection to the Secured Lenders (as set forth in the Cash Collateral Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Order

and the other Cash Collateral Documents (collectively, the "***Adequate Protection Transactions***").

RESOLVED, that the Designated Officers be, and each of them hereby is, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, each Company, as a debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "***Adequate Protection Documents***"); (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document.

RESOLVED, that the Designated Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, each Company to file or to authorize the Agent to file any Uniform Commercial Code (the "***UCC***") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each Company that the Agent deems necessary or convenient to perfect any lien or security interest granted under the Cash Collateral Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the Cash Collateral Order.

RESOLVED, that the Designated Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to perform each Company's obligations under or in connection with the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

RESOLVED, that the Designated Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or any of the Adequate Protection Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

## VIII.   Restructuring Transaction

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that each Board has determined, in light of current circumstances and after consultation with the Companies' legal and financial advisors, and in connection with the filing of their prepackaged Chapter 11 Cases, that it is in the best interests of each Company, its creditors and other parties in interest for each Board to authorize each Company to enter into a restructuring transaction or series of restructuring transactions by which the Companies will restructure their debt obligations and other liabilities, including, but not limited to, the exit facility and the establishment and funding of the litigation trust (collectively, the "***Restructuring Transactions***").

**RESOLVED**, that any Designated Officer is hereby authorized and empowered, in the name of and on behalf of each Company, to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of any agreements, certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of the Restructuring Transactions to which each Company is or will be a party, including, but not limited to, the plan of reorganization, the disclosure statement, and all exhibits and/or ancillary documents related thereto (collectively, the "***Restructuring Documents***"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to each Board, with such changes, additions and modifications thereto as the Designated Officer executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof.

**RESOLVED**, that the Designated Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, each Company to take any and all actions to (i) obtain the Bankruptcy Court's approval of the Restructuring Documents in connection with the Restructuring Transactions, and (ii) obtain Bankruptcy Court approval of any Restructuring Transactions.

**RESOLVED**, that the Designated Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, each Company, to execute and deliver any documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

## IX.    Further Actions and Prior Actions

**RESOLVED**, that in addition to the specific authorizations heretofore conferred, each of the Designated Officers or their designees and delegates shall be, and each of them, acting alone, hereby is, authorized and empowered, in the name of, and on behalf of, each Company, to take or cause to be taken any and all such further actions, to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment shall be necessary, advisable  or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

6

**RESOLVED**, that all members of each Board of each Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

**RESOLVED**, that any Designated Officer of each Company be, and each hereby is, authorized, directed and empowered, in the name of and on behalf of, each Company and under its corporate seal or otherwise, to prepare, acknowledge, execute, deliver, and file with appropriate organizations, or to cause to be prepared, acknowledged, executed, delivered and filed, all such agreements, documents, certificates, instruments and other papers and to do or cause to be done all such acts and things, as may be necessary, advisable, appropriate or desirable to effectuate the purpose and intent of the foregoing resolutions, including but not limited to making such changes to said documents as such individual may determine, upon the advice of counsel, to be necessary, advisable, appropriate or desirable, such Designated Officer's execution and delivery thereof to be conclusive evidence of such Designated Officer's approval, and any such action taken by such Designated Officer prior to the date hereof is hereby ratified, confirmed and approved in all respects.

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of each Board and that the Designated Officer has executed the same.

Respectfully submitted,

Name: Janna P. King
Title: Senior Vice President and Secretary

**Physiotherapy Holdings, Inc.**
**Physiotherapy Associates Holdings, Inc.**