**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| PHYSIOTHERAPY HOLDINGS, INC., *et al.*,[1] | ) Case No. 13-12965 (KG) |
| Debtors. | ) Jointly Administered |

**NOTICE OF (I) ENTRY OF ORDER APPROVING DISCLOSURE STATEMENT FOR AND CONFIRMING DEBTORS' JOINT PREPACKAGED CHAPTER 11 PLAN, (II) OCCURRENCE OF EFFECTIVE DATE AND (III) DEADLINES FOR FILING VARIOUS CLAIMS RELATED TO THE PLAN**

**TO ALL CREDITORS, INTEREST HOLDERS AND OTHER PARTIES IN INTEREST:**

1. **Confirmation of the Plan.** On December 23, 2013, the Honorable Kevin Gross, Chief United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), entered the *Order Approving the Debtors' Disclosure Statement for, and Confirming, the Debtors' Joint Prepackaged Chapter 11 Plan* [Docket

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Physiotherapy Holdings, Inc. (5193); Actra Rehabilitation Associates, Inc. (7806); Alexandria Sports, Inc. (7654); Benchmark Acquisition Corp. (3850); Benchmark Medical Management Company (0335); Benchmark O&P Holdings, Inc. (6848); Benchmark Orthotics & Prosthetics, Inc. (7000); Blue Hen Physical Therapy, Inc. (7267); Cape Prosthetics-Orthotics, Inc. (7914); Carrollton Physical Therapy Clinic, Inc. (2832); Integrity Physical Therapy, Inc. (1075); Keystone Rehabilitation Associates of Warren (8341); Keystone Rehabilitation Systems, Inc. (8380); Keystone Rehabilitation Systems of McMurray (6304); Leesburg Sports, Inc. (4190); MATRIX Healthcare Services, LLC (7344); MATRIX Rehabilitation, Inc. (3147); MATRIX Rehabilitation-Delaware, Inc. (2504); MATRIX Rehabilitation-Georgia, Inc. (4073); MATRIX Rehabilitation-Ohio, Inc. (2505); MATRIX Rehabilitation-South Carolina, Inc. (5603); MATRIX Rehabilitation-Texas, Inc. (9542); Morris Area Rehabilitation Association, Inc. (2043); North Dallas Physical Therapy Associates, Inc. (5331); Northstar Health Services, Inc. (7152); NSHS Services, Inc. (6789); Orthopaedic Services of Paducah, Inc. (3143); PhysioLink Corporation (3705); Physiotherapy Associates Holdings, Inc. (3367); Physiotherapy Associates, Inc. (7193); Physiotherapy Associates-Union Rehab, LLC (0041); Physiotherapy Corporation (3816); Physiotherapy-BMHI Holdings, Inc. (3361); Physiotherapy-BMI, Inc. (4107); Potomac Rehabilitation Services, Inc. (2725); Professional Rehab Associates, Inc. (2393); Progressive Therapy Services, Inc. (8449); Rehab Associates, L.L.C. (9381); Rehab Colorado, LLC (5804); Rehab Missouri, LLC (0587); Rehab Xcel, LLC (0586); Rehabilitation Consultants, Inc. (1166); R.S. Network, Inc. (9104); SMR Banyan Tree, Inc. (6933); Swanson Orthotic & Prosthetic Center, Inc. (2308); The Parks Physical Therapy and Work Hardening Center, Inc. (2926); Theraphysics Partners of Colorado, Inc. (2115); Theraphysics Partners of Texas, Inc. (9976); Therapy Associates of Martinsville, Inc. (1394); Trumbull P.T. Corp. (3855); Wisconsin Prosthetics and Orthotics, Inc. (7815). The Debtors' main corporate address is 855 Springdale Drive, Suite 200, Exton, PA 19341.

No. 197] (the "Confirmation Order") approving the Disclosure Statement[2] [Docket No. 19] and confirming the Plan of the above-captioned debtors in possession (the "Debtors").

2. **Effective Date.**  The Effective Date of the Plan occurred on **December 31, 2013**.

3. **Discharge of Debtors.**  The Plan and its provisions are binding on the Debtors, the Reorganized Debtors, any Holder of a Claim against, or Interest in, the Debtors and such Holders' respective successors and assigns, whether or not the Claim or Interest of such Holder is Impaired under the Plan and whether or not such Holder or Entity voted to accept the Plan.  Except as otherwise specifically provided in the Plan or in any contract, instrument or other agreement or document created pursuant to the Plan, the distributions, rights and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of all debts (as such term is defined in section 101 of the Bankruptcy Code) that arose before the Confirmation Date, any debts of any kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, and the rights and Interests of any Holders of Interests whether or not:  (1) a Proof of Claim based on such debt or Interest is filed; (2) a Claim or Interest based upon such debt is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such a Claim or Interest has accepted the Plan.

4. **Executory Contracts.**  Except as otherwise provided in the Plan, the Confirmation Order or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, as of the Effective Date, Executory Contracts and Unexpired Leases, including those listed on the Assumed Executory Contract and Unexpired Lease List, shall be deemed assumed as of the Effective Date, unless such Executory Contract or Unexpired Lease:  (i) was assumed or rejected prior to the Effective Date by the Debtors; (ii) previously expired or terminated pursuant to its own terms; (iii) is the subject of a motion to reject filed on or before the Effective Date; (iv) is identified as an Executory Contract or Unexpired Lease on the Rejected Executory Contracts and Unexpired Lease List, or (v) is the subject of a dispute regarding the Cure Claim.

On November 27, 2013, the Debtors filed the Assumption Schedule identifying those Executory Contracts and Unexpired Leases to be assumed pursuant to the Plan and the respective Cure Costs associated therewith.[3]  On the same day, the Debtors filed the Rejection Schedule identifying those Executory Contracts and Unexpired Leases to be

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Debtors' Joint Prepackaged Chapter 11 Plan* [Docket Nos. 18] (as modified, amended, and including all supplements, the "Plan") and the Confirmation Order.  The summary of the Plan and the Confirmation Order set forth herein are for informational purposes only.  In the event of any inconsistency between this Notice and the Plan and/or Confirmation Order, the Plan or Confirmation Order (as applicable) shall control in all respects.

[3] *See Notice of (A) Proposed Assumption of Executory Contract or Unexpired Lease, (B) Proposed Cure Amounts to be Paid in Connection Therewith and (C) Procedures for Objecting to the Assumption or Proposed Cure Amount with Respect to Such Executory Contract or Unexpired Lease* [Docket No. 73].

rejected pursuant to the Plan effective as of the Effective Date.[4] On December 12, 2013, the Debtors filed the supplements to the Assumption Schedule and the Rejection Schedule.[5] On the same day, the Debtors filed the Assumption Schedule and the Rejection Schedule as exhibits to the Plan Supplement.[6]

Pursuant to the Plan and the Confirmation Order, any monetary defaults under each Executory Contract and Unexpired Lease as reflected on the Assumed Executory Contract and Unexpired Leases List shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the default amount in Cash on the Effective Date, subject to certain limitations provided in Article V.C of the Plan, or on such other terms as the parties to such Executory Contracts or Unexpired Leases may otherwise agree.

Unless otherwise provided by an order of the Bankruptcy Court, any Proofs of Claim based upon the rejection of the Debtors' Executory Contracts or Unexpired Leases pursuant to the Plan must be filed with the Bankruptcy Court within 30 days after the claimant receives notice of rejection.

ANY CLAIMS ARISING FROM AN EXECUTORY CONTRACT OR UNEXPIRED LEASE NOT FILED WITHIN SUCH TIME WILL BE AUTOMATICALLY DISALLOWED, FOREVER BARRED FROM ASSERTION AND SHALL NOT BE ENFORCEABLE AGAINST THE DEBTORS OR THE REORGANIZED DEBTORS, THEIR ESTATES OR THEIR PROPERTY WITHOUT THE NEED FOR ANY OBJECTION BY THE REORGANIZED DEBTORS OR FURTHER NOTICE TO, OR ACTION, ORDER OR APPROVAL OF THE BANKRUPTCY COURT.

5. **Bar Dates for Administrative Claims.** Unless otherwise provided by the Plan, the Confirmation Order, any other applicable order of the Bankruptcy Court, or agreed to by the Holder of an Allowed Administrative Claim and the Debtors, all requests for Payment of

---

[4] *See Notice of Proposed Rejection of Certain Executory Contract or Unexpired Lease* [Docket No. 72].

[5] *See Notice of First Supplement to Notice of (A) Proposed Assumption of Executory Contract or Unexpired Lease, (B) Proposed Cure Amounts to be Paid in Connection Therewith and (C) Procedures for Objecting to the Assumption or Proposed Cure Amount with Respect to Such Executory Contract or Unexpired Lease* [Docket No. 136]; *Notice of First Supplement to Notice of Proposed Rejection of Executory Contract or Unexpired Lease* [Docket No. 137].

[6] *See Supplement to the Joint Plan of Reorganization of Physiotherapy Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 135]. Notwithstanding anything to the contrary contained in this Notice, to the extent that the assumption, assumption and assignment, or rejection of an agreement is particularly dealt with in the Confirmation Order, such assumption, assumption and assignment, or rejection provision contained therein shall govern. *See also* that certain *Motion for Entry of an Order (A) Authorizing the Debtors to Assume a Certain Software License Agreement with Huron; (B) Authorizing the Debtors to Reject All Other Executory Contracts with Huron; and (C) Declaring the Consequences of Such Assumption and Rejection, Including With Respect to Cure Amounts and Indemnification Obligations* [Docket No. 205].

Administrative Claims must be filed and served on the Debtors **no later than January 30, 2014** (the "Administrative Claims Bar Date"). Holders of Administrative Claims that are required to, but do not, file and serve a request for payment of such Administrative Claims by such date shall be forever barred, estopped and enjoined from asserting such Administrative Claims against the Debtors or their property and such Administrative Claims shall be deemed discharged as of the Effective Date.

6. **Deadline for Professional Claims.** Professionals asserting a Fee Claim for services rendered before the Effective Date must file and serve on the Debtors and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order or any other applicable order of the Bankruptcy Court, an application for final allowance of such Fee Claim no later than 20 days after the Effective Date, or **no later than January 21, 2014**. In no event shall the Debtors' payments for professional fees and expenses for the period September 9, 2013 through the Effective Date relating to the investigation of the 2012 Transaction and the preparation for litigation of the Contributed Claims exceed $250,000, unless otherwise agreed to by the Ad Hoc Committee of Senior Noteholders in their sole and absolute discretion.

7. **The Litigation Trust.** On the Effective Date, the Litigation Trust was funded and established for the benefit of the Litigation Trust Beneficiaries, and all Contributed Claims were transferred and assigned to the Litigation Trust, all pursuant to Article IV.V of the Plan.

8. **Requirements for Receiving Distributions, as Applicable to Holders of Allowed Senior Notes Claims.** Pursuant to Articles III.C and IV.E of the Plan, Holders of Claims in Class 4 shall be required to execute the New Stockholders Agreement before receiving their respective distributions of the New Common Stock under the Plan. If a Holder of a Class 4 Claim as of the Distribution Record Date does not return a completed and executed signature page to the New Stockholders Agreement so that it is received by Kurtzman Carson Consultants LLC, the Disbursing Agent, on or before the 90th day after the Effective Date, such Holder shall be deemed to forever forfeit its right to receive the New Common Stock (but not its share of the Senior Notes Litigation Trust Recovery).

9. **Access to Court Documents.** The Confirmation Order, the Disclosure Statement and the Plan are available for inspection. If you would like to obtain a copy of the Confirmation Order, the Disclosure Statement or the Plan, you may contact Kurtzman Carson Consultants, the notice, claims and solicitations agent retained by the Debtors in the Chapter 11 Cases, by: (a) calling the Debtors' restructuring hotline at 877-725-7537; (b) visiting the Debtors' restructuring website at: www.kccllc.net/physiocorp; or (c) writing to Physiotherapy Holdings, Inc. Corporation Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 599 Lexington Avenue, New York, New York 10011. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: www.deb.uscourts.gov.

10. Please take further notice that the Bankruptcy Court has approved certain discharge, release, exculpation, injunction and related provisions in Article VIII of the Plan.

11. Please take further notice that the Plan and its provisions are binding on the Debtors, the Reorganized Debtors, the Disbursing Agent, and any holder of a Claim or an Interest and

such holder's respective successors and assigns, whether or not the Claim or the Interest of such holder is Impaired under the Plan, and whether or not such holder or Entity voted to accept the Plan.

12. Please take further notice that the Plan and the Confirmation Order contain other provisions that may affect your rights. You are encouraged to review the Plan and the Confirmation Order in their entirety.

*[The remainder of this page is intentionally left blank.]*

5

| | |
|---|---|
| Dated: December 31, 2013<br>Wilmington, Delaware | */s/ Michael W. Yurkewicz*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone:   (302) 426-1189<br>Facsimile:    (302) 426-9193 |

- and -

Morton Branzburg (admitted *pro hac vice*)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:   (215) 569-2700
Facsimile:    (215) 568-6603

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

- and -

Jonathan S. Henes, P.C. (admitted *pro hac vice*)
Nicole L. Greenblatt (admitted *pro hac vice*)
David S. Meyer (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900

*Co-Counsel to the Debtors*
*and Debtors in Possession*